(156 App. Div. 244.)

PEOPLE ex rel. PITTS v. WALDO, Police Com'r.

(Supreme Court, Appellate Division, First Department. April 18, 1913.)

MUNICIPAL CORPORATIONS (§ 189*)—POLICE—DISCIPLINING MEMBERS OF POLICE FORCE—GROUNDS.

A sergeant of police, who was conceded to have faithfully patrolled his precinct, could not be convicted of a neglect of duty merely because certain patrolmen in his precinct were absent from their posts without his knowledge.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 487, 523, 524; Dec. Dig. § 189.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Certiorari by the People, on relation of Floyd B. Pitts, against Rhinelander Waldo, as Police Commissioner of the City of New York, to review the trial of relator as sergeant of police. Writ sustained, proceedings annulled, and charges dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

William E. Murphy, of New York City, for relator.

Archibald R. Watson, Corp. Counsel, of New York City (Harry Crone, of New York City, of counsel, and Terence Farley, of New York City, on the brief), for respondent.

CLARKE, J. Certiorari to review the trial of relator, a sergeant of police, who was charged with neglect of duty in this, to wit:

"Said Sergeant Floyd B. Pitts did fail and neglect to report the absence from post of the following named patrolmen of the Sixteenth precinct, the said patrolmen having been assigned to patrol such posts at 11 p. m., June 19, 1911, viz.: John F. Murphy, * * * posts 45 and 46 (Thirteenth street, from Fourth avenue to Sixth avenue), at or about 2:05 a. m., June 20, 1911. Arthur A. Etchells, * * * posts 43 and 44 (Twelfth street, from Fourth avenue to Sixth avenue), at or about 2:09 a. m., June 20, 1911. Peter F. Gillingan, * * * posts 38 and 39 (Eighth street, from Broadway to Sixth avenue), at about 2:27 a. m., June 20, 1911. David Spitzer, * * * post 21 (Minetta lane, Minetta street and Minetta place) at or about 3:35 a. m., June 20, 1911."

Relator was found guilty and fined five days' pay. The chief inspector of police visited the Sixteenth precinct on the morning of June 20, 1911, and rode through it in an automobile, and between 2:05 and 3:35 a. m., he failed to see the four patrolmen on their posts. Upon cross-examination the following occurred:

"Q. That is a nice-sized piece of territory there? A. Yes, sir. Q. In what way do you, as a man of experience in the department, hold a sergeant responsible for this complaint? A. Well, a sergeant is supposed to enforce such a rigid discipline that the men would not leave post; that is the commissioner's idea about it. Q. But after a sergeant leaves a man on his post, and while he has gone from that man to see the next man, how far can he be held responsible for what the first man does? A. I await the ruling of the commissioner on that. Deputy Commissioner: He is asking for your experience, chief. Can a man be held responsible for a man after he leaves him? The Complainant: He can; not for a long time. But my experience has been, if an officer is strict with his men and vigilant, he can enforce good patrol duty, so that the men will not take as great chances as they would under a man who would visit them only once, or would not return for a long time. * * * Deputy Commissioner: There is absolutely not one word, nor will there be one particle, of testimony introduced here by the prosecution, and there will not be one word of suggestion that this sergeant was not out faithfully patrolling. Counsel for Relator: Then what is this complaint here for? Deputy Commissioner: This complaint is for failing to exert a proper discipline over these four men, and for the responsibility of his command over his men. It is not for failing to patrol, or for failing to do anything except to exert a proper discipline over these men and keep them out on their posts."

It should be noted passim that that was not the charge set forth in the specifications. It was conceded upon the record that relator visited each of the patrolmen referred to during his tour of duty. Re-

lator testified that he saw Murphy at 12 o'clock, and Etchells at 12 o'clock, at 1:30, and at 2:30; that he saw Gillingan six times that morning; that he saw Spitzer in Minetta street, near Minetta place, on patrol at about 4:40; that he did not know that any of these patrolman had been off post; that he had been in the Sixteenth precinct two years and four months.

"Q. During the time that you have been there the discipline has been extreme? A. Yes, sir. Q. Has the discipline of the Sixteenth precinct under the present commander changed within the last two or three years? A. Not a particle. Q. And he is just as strict to-day as he was then? A. Yes, sir."

We hesitate to interfere with the discipline of the police department, but are of opinion, in view of the concession of the deputy commissioner that there would not be one word of suggestion that this sergeant was not out faithfully patrolling, and upon the record, that the finding that relator had been guilty of neglect of duty is utterly unsupported by any evidence. Such a rule as is here attempted to be invoked would require a sergeant to be upon every portion of every post in an extended precinct at every moment during his tour of duty. It is to demand the impossible. We are advised by the relator's record found in the case that from his appointment to the force on the 15th of December, 1896, down to the time of this trial, he had been fined but one day's pay. While it may seem that the punishment here imposed of five days' pay is not serious, the effect of the finding and the punishment would blot his record and retard his chances for further promotion.

The writ should therefore be sustained, proceedings annulled, and the charges dismissed, with $50 costs and disbursements to relator. All concur.